UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH BALIK,<br><br>    Plaintiff,<br><br>v.<br><br>HON. FRED UPTON,<br><br>    Defendant. | Case No.: 1:15-cv-01419 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND |

Plaintiff Jeremiah Balik initiated this action by filing a complaint against Congressman Fred Upton in Kern County Superior Court on August 12, 2015. (Doc. 1 at-1 at 2) Defendant filed a Notice of Removal from the state court on September 18, 2015 (Doc. 1), thereby initiating the matter in this Court. Because, as discussed below, the Court finds Plaintiff's claims are fanciful and frivolous, it is recommended that Plaintiff's complaint be **DISMISSED** without leave to amend.

## I.    Screening Requirement

Although Plaintiff has not requested to proceed *in forma pauperis* in this Court, the Kern County Superior Court granted him this status on September 3, 2015. (Doc. 1-4 at 2) When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).

1

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989) (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios").

## II.     Pleading Requirements

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A complaint must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of a complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 678 (citations omitted). If factual allegations are well-pled, a court should assume

their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

### III. Plaintiff's Allegations

Plaintiff contends Defendant learned he was "interacting with Super Model Kate Upton" on Twitter and "had a sophisticated way to communicate [with] her on Instagram," which angered Defendant. (Doc. 1-1 at 9) According to Plaintiff, Defendant "used his AT&T contacts to jam [Plaintif's] network, slow [him] down on Instagram and other really bad stuff." (*Id.*) For example, Plaintiff asserts Eric Paramski, owner of MacLagan Auto in Illinois "installed a GPS Kill Switch in [his] Volvo" with the knowledge of Defendant, because Defendant "wanted to run up [Plaintiff's] auto repair expenses. (*Id.* at 9-10)

In addition, Plaintiff asserts that he entered a contract "to operate Chocolate Shoppe Scoop shops in California," and his "girlfriend at the time was Super Model Samantha Hoopes." (Doc. 1 at 10) He alleges Defendant "didn't want [him] dating and pursuing a relationship with Samantha M. Hoopes," so Defendant "called in a favor to Chocolate Shoppe Ice Cream CEO David Deadman, and told them not do to do business with [Plaintiff]." (*Id.*)

He alleges also that Defendant called in favors to have "various law enforcement agencies, to have them unlawfully patrol around [Plaintiff]" and for Plaintiff's phone to be "tampered with by numerous carriers." (Doc. 1 at 11, 12) He also alleges Defendant "would routinely coordinate for someone with 'Michigan License Plates' to be in the vicinity of Plaintiff, when he was driving or reached a destination" to let Plaintiff know that "Defendant is everywhere and watching you kind of thing." (*Id.* at 11, emphasis omitted)

### IV. Discussion and Analysis

Based upon the foregoing factual allegations, Plaintiff asserts Defendant is liable for harassment in violation of California Code of Civil Procedure 527.6, which "defines 'harassment' as 'unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.'" *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp.2d 1110, 1155 (N.D. Cal. 2013) (quoting Cal. Civ. P. § 527.6) In addition, the alleged actions "must be such that would cause a reasonable person to

3

suffer substantial emotional distress, and must actually cause substantial emotional distress to the [plaintiff]." (*Id.*)

Here, Plaintiff has not alleged any acts of violence, threats of violence, or conduct that "seriously alarms, annoys, or harasses the person." Furthermore, the allegations that Congressman Upton has "called in favors" with individuals from Illinois, Michigan, and California to interfere with Plaintiff's ability to date super models, disrupt business prospects, and follow him while driving are clearly lacking all credibility and all plausibility. *Iqbal*, 556 U.S. at 678.

Other than Plaintiff's fantastic ruminations, there are no facts to support his conclusions that Congressman Upton is responsible for Plaintiff's car not working, his super-model girlfriend breaking up with him, or the Chocolate Shoppe Ice Cream CEO deciding to not do business with him. Accordingly, the Court finds Plaintiff's allegations are fanciful, and lack an arguable basis in fact. *See Denton*, 504 U.S. at 32-33.

### V.     Findings and Recommendations

Plaintiff fails to state a claim for civil harassment in violation of California law. Moreover, given the fanciful nature of Plaintiff's claims, the Court finds leave to amend would be futile. *See Iqbal,* 556 U.S. at 679 (noting that a court should "draw on its judicial experience and common sense" to determine whether a claim is plausible); *Denton*, 504 U.S. at 32-33 (a court may dismiss a claim as frivolous if the alleged facts are "clearly baseless," "fanciful," or "fantastic"); *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely").

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1.     Plaintiff's complaint be **DISMISSED** without leave to amend;

2.     Any remaining motions be terminated as moot; and

3.     The Clerk of Court be directed to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen

days after being served with these Findings and Recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 1, 2015**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE